UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Arlene Alice Heinrich,

Plaintiff,

vs. ORDER

American Home Products Corp., et al.,

Defendants. Civ. No. 00-1465 (MJD/RLE)

* * * * * * * * * * * * * * * * * *

To: Anthony J. Nemo, Meshbesher & Spence, 1616 Park Ave., Minneapolis, Minnesota 55404

At Duluth, in the District of Minnesota, this 18th day of July, 2000.

* * *

The above-entitled matter came before the undersigned United States Magistrate Judge upon a general assignment made in accordance with Title 28, U.S.C. §636(b)(1)(A).

It appears from the record that this action was commenced in Minnesota State Court by the service of a Summons and Complaint upon the Defendants.

On June 14, 2000, the Defendants filed a Notice of Removal with this Court. However, to the present date, one of the Defendants, A.H. Robins Co., Inc. ("Robins"), has not answered the

FILED JUL 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Complaint. As is here pertinent, Rule 81(c), Federal Rules of Civil Procedure, provides the following:

> In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.

It would appear that these deadlines have passed, and no Answer has been filed by Robins. Nevertheless, Rule 81(c), as well as the Local Rules of this District, require that an Answer or other pleading be filed, or, if the Defendant should choose to respond to the Complaint by a Dispositive Motion, that a cover letter be filed, which complies with the dictates of LR7.1(b)(2)(A). Although an initial motion for an extension of time will be liberally construed by the Court in the absence of any objection by opposing counsel, the Court does not permit counsel, by agreement, to extend the time for complying with these procedural requisites.

WHEREFORE, It is --

ORDERED:

That counsel for the Plaintiff is directed to:

1. Notify the Defendant immediately that it is required to serve and file appropriate documentation which complies with the procedures which are outlined in this Order, or else move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;

2. File an application for entry of default unless the required pleading is filed within 10 days of the referenced notification; or

3. Advise the Court in writing of any good cause to the contrary.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE